IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ARCHIE BOWENS                                                                                           PLAINTIFF

V.                                                                            CIVIL ACTION NO. 1:10CV310-B-S

NATIONWIDE INSURANCE COMPANY                                                         DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Archie Bowens, brings this action against the defendant, Nationwide Insurance Company, alleging tortious breach of contract and bad faith resulting from Nationwide's denial of insurance coverage after the plaintiff's residence in Okolona, Mississippi, was destroyed by fire on September 12, 2009. The defendant denied coverage based on what it considers a material misrepresentation made by Bowens on the insurance application.

Bowens had purchased the relevant insurance policy from Nationwide on February 8, 2007. The application for the policy contained the following question: "Have you or a member of your household been convicted of a felony in the past 10 years?" Bowens initialed in the "No" blank, and signed the document, attesting that all the information he had provided on the application was true and correct. It is now uncontested that Bowens had been convicted of a felony within ten years of the date he signed the application. He was convicted of larceny of a vehicle as a result of a guilty plea in the Circuit Court of Lee County, Mississippi, in March

1998, was sentenced to eight years in prison, served approximately five years, and was released in 2003.

Bowens asserts that he does not read well, but he acknowledges that he read and personally answered the questions on the application himself. When asked why he answered no to the question regarding the felony, he answered, "I don't know why I would say no. I went to prison, I served my time and I wasn't – I wouldn't mind saying yes. I don't know why I said that. I wasn't never thinking about a fire was going to happen." He admits that his response was incorrect and that he should have answered "Yes" to the question.

Nationwide denied coverage by letter dated December 7, 2009. The plaintiff filed the present action alleging tortious breach of contract and bad faith against Nationwide in the Circuit Court of the Second Judicial District of Chickasaw County, Mississippi, on September 13, 2010. The defendant subsequently removed the case to this court pursuant to Title 28 U.S.C. § 1441, invoking the court's diversity of citizenship jurisdiction as set forth in Title 28 U.S.C. § 1332. The defendant has now moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

3

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

The law regarding misstatements of material facts in applications for insurance policies has long been settled in Mississippi. The Mississippi Supreme Court stated the general rule governing this issue in the 1908 case of *Fidelity Mut. Life Ins. Co. v. Miazza*, 93 Miss. 18, 46 So. 817 (1908), as follows:

> It is the universal rule that any contract induced by misrepresentation or concealment of material facts may be avoided by the party injuriously affected thereby. If the applicant for insurance undertakes to make a positive statement of a fact, if it be material to the risk, such fact must be true. It is not sufficient that he believes it true, but it must be so in fact, or the policy will be avoided, provided, always, that the misstatement be about a material matter.

*Dukes v. South Carolina Ins. Co.*, 590 F. Supp. 1166, 1168 (S.D. Miss. 1984) (quoting *Miazza*, 93 Miss. at 20, 46 So. at 819). The general rule has remained virtually unchanged for over a century.

The Fifth Circuit, applying Mississippi law, has set forth a test to guide the court in determining whether a material misrepresentation has been made. "To establish that, as a matter of law, a material misrepresentation has been made in an insurance application, (1) it must contain answers that are false, incomplete, or misleading, *and* (2) the false, incomplete, or misleading answers must be material to the risk insured against or contemplated by the policy." *Carroll v. Metropolitan Ins. and Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999) (emphasis in original). The misrepresentation is material to the risk "if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk." *Id.* "Stated

4

differently, a fact is material if it might have led a prudent insurer to decline the risk, accept the risk only for an increased premium, or otherwise refuse to issue the exact policy requested by the applicant." *Id.* Further, "insurers have the right to rely on the information supplied in the application" when making these kinds of underwriting decisions. *Id.* Finally, "[w]hether the misrepresentation was intentional, negligent, or the result of mistake or oversight is of no consequence." *Id.*

Applying these guidelines to the present case, the court finds, first, that it is uncontested that the plaintiff made a misrepresentation when he answered "No" to the question on his insurance application regarding whether he had been convicted of a felony within ten years of the date of the application. Second, the misrepresentation is material because, had the truth been known, "it might have led a prudent insurer to decline the risk." In fact, the defendant has presented unrefuted evidence that the agent in this case would not have been allowed to issue the policy had he known the truth about the plaintiff's felony history. Nationwide's underwriting guidelines clearly and unequivocally provide that a policy cannot be issued to a person with a felony conviction within the previous ten years. The relevant portion of the underwriting guidelines states, "The following are **NOT** acceptable for coverage . . . If any person in the household has a felony conviction in the past 10 years." (Emphasis in original). Delma Locke, the defendant's representative from its underwriting department, affirmed this underwriting guideline in her affidavit and added, "Had Archie Bowens admitted on his application that he had been convicted of a felony within the past ten years than [sic] Nationwide could not have written the insurance on Mr. Bowens' property . . . ."

The plaintiff asserts that genuine issues of material fact exist as to whether his misrepresentation was material and as to whether Nationwide's conduct arises to the level of bad faith through denial of coverage and unreasonable delay. The plaintiff fails, however, to comply with the summary judgment standard and direct the court to any evidence of a genuine, material factual dispute.[1] The plaintiff has only directed the court to language in the policy application which states, "I also understand that misrepresentation of information on this application *could* void *some or all* of my coverages." Though the plaintiff does not expound on this point, the court assumes he means to argue that the equivocal nature of this statement as to whether a misrepresentation could void the policy creates a question of fact. Unfortunately, it does not. To meet his burden and survive summary judgment, the plaintiff was required to direct the court to evidence showing that Nationwide might have issued the policy despite the plaintiff's felony conviction. It appears he attempted to do so by his mention of this equivocal language in the application, but that argument misses the mark. The referenced language shows only that a misrepresentation would not necessarily result in the policy being voided. This statement can still be true even when read in conjunction with the unequivocal language of Nationwide's underwriting guidelines regarding the felony conviction exclusion. The statement is not inconsistent with Nationwide's underwriting guidelines or the testimony of Nationwide's underwriting representative and therefore does not create a material question of fact. The statement, signed by the plaintiff, simply reveals that he was adequately warned that his

---

[1] This court has no duty to scour the record on behalf of the plaintiff and locate the facets of the case favorable to him. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) ("Rule 56, therefore, saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition.") (citing Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1992)).

misrepresentation could result in the very consequence which has occurred in this case – that is, the voiding of the policy.

The plaintiff also asserts that he does not read well, and though again he does not expound on his argument, the court assumes he means to assert that his lack of reading ability either creates a question of fact or offers him relief by some other means. This is not the case. In Mississippi, it is well settled that "a party may neither neglect to become familiar with the terms and conditions [of a contract] and then later complain of lack of knowledge, nor avoid a written contract merely because he or she failed to read it or have someone else read and explain it." *Bailey v. Estate of Kemp*, 955 So. 2d 777, 783 (Miss. 2007) (quoting *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 177 (Miss. 2006)).

Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 9th day of March, 2012.

      /s/ Neal Biggers
      **NEAL B. BIGGERS, JR.**
      **UNITED STATES DISTRICT JUDGE**